CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 0 4 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID E. WELCH ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 7:05CV00546 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | By: Hon. Glen E. Conrad |
| CARDINAL BANKSHARES ) | United States District Judge |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

David E. Welch brings this action pursuant to 18 U.S.C. § 1514A against Cardinal Bankshares Corporation, asserting that the Supplemental Recommended Decision and Order Awarding Damages, Fees and Costs issued by an Administrative Law Judge, United States Department of Labor, dated February 15, 2005, should be enforced by this court. The case was filed on August 30, 2005. The case is currently before the court on the defendant's motion to dismiss. For the following reasons, the court will grant the defendant's motion to dismiss.

## BACKGROUND

The plaintiff was employed as Chief Financial Officer of Cardinal Bankshares Corporation in Floyd, Virginia, from February 1999 until October 1, 2002. After he was terminated, Welch filed a complaint with the Occupational Safety & Health Administration (OSHA), United States Department of Labor, alleging retaliation against him by Cardinal for engaging in protected activities under the Corporate and Criminal Fraud Accountability Act of 2002, Title VII of the Sarbanes-Oxley Act of 2002.

OSHA denied the complaint, and Welch filed an appeal with the Office of Administrative Law Judges (ALJ), United States Department of Labor. After a hearing, the ALJ issued a

"Recommended Decision and Order" on January 28, 2004. The "Recommended Decision and Order" stated that, "it is hereby ordered that Respondent, Cardinal Bankshares Corporation ... [r]einstate Complainant, in accordance with the conditions discussed above...." (Recommended Decision and Order 71). The last paragraph of the decision was a Notice of Appeal Rights, which provided that, "[t]his decision shall become the final order of the Secretary of Labor ... unless a petition for review is timely field [sic] with the Administrative Review Board .... To be effective, a petition must be filed with the Board within 10 days of the date of the decision of the Administrative Law judge ...." Id. at 72. On February 3, 2004, the ALJ issued an Erratum, stating that the earlier "decision and order is not, nor was it intended to be, a 'final' order from which an appeal to the Administrative Review Board may be taken." (Erratum).[1] Cardinal filed an appeal to the Administrative Review Board (ARB), United States Department of Labor, on February 5, 2004, contending that the appeal was from a "final" order of the ALJ. (Final Decision and Order Dismissing Petition for Review without Prejudice at 2). The ARB issued a Notice of Appeal and Order Establishing Briefing Schedule on February 6, 2004. Id. The ARB dismissed the petition for appeal, and Cardinal appealed to the United States Court of Appeals for the Fourth Circuit. That appeal was also dismissed.

On February 15, 2005, the ALJ issued a "Supplemental Recommended Decision and Order Awarding Damages, Fees, and Costs" (SRDO). Cardinal appealed the order to the ARB on February 15, 2005. The decision of the ARB is still pending.

---

[1]The Erratum was issued because the ALJ learned that, "counsel for one of the parties believes that any appeal in this case must be filed within 10 days from January 28, 2004." (Erratum).

On August 5, 2005, however, Welch filed a motion with the ALJ, asking him to impose monetary sanctions upon Cardinal for failure to comply with the alleged preliminary reinstatement order. The ALJ denied the request on August 9, 2005, upon the basis that preliminary reinstatement orders under the Sarbanes-Oxley whistleblower provisions may only be enforced by civil action in the United States District Court. In that order denying relief, the ALJ made it clear that he regarded the earlier "Recommended Decision and Order" to be a "final order" subject to enforcement in federal court. On September 14, 2005, Welch filed an Application for Hearing and Issuance of a Preliminary Injunction Enforcing United States Department of Labor Administrative Law Judge's Order of Reinstatement in this court.

## DISCUSSION

The case is presently before the court on the defendant's motion to dismiss. The defendant claims that this court lacks subject matter jurisdiction over the case, because this court only has the power to enforce final orders of the Secretary of Labor and the SRDO is not a final order.

Section 806 of the Sarbanes-Oxley Act provides for whistleblower protection, but does not specify procedures for adjudicating complaints. See 18 U.S.C. § 1514A(a)(1). Section 806 incorporates the procedures of another whistleblower protection statute, the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century (AIR21). That statute provides that the district courts can enforce Department of Labor rulings, stating that, "[a] person on whose behalf an order was issued under paragraph (3) [final orders] may commence a civil action against the person to whom such order was issued to require compliance with such order." 49 U.S.C. § 42121(b)(6)(A).

3

The defendant claims that the ALJ did not issue an enforceable order because the SRDO merely recommends reinstatement. The plaintiff contends that the recommendation of the ALJ was an order, and that the court does have the authority to enforce the plaintiff's reinstatement. The plaintiff maintains that the defendant's proper remedy was to request a stay from the ARB, and that the defendant's failure to do so forecloses its attempt to obtain relief from this court.

The plaintiff relies upon the language of the subsequent order from the ALJ, dated August 9, 2005, denying a motion for an order to show cause, in claiming that the February 15, 2005, order was enforceable. In that later order, the ALJ asserted that:

> ... I issued a supplemental recommended decision and order on February 15, 2005, awarding Complainant damages, fees and costs. In pertinent part, that order <u>required</u> that Respondent reinstate Complainant as the Chief Financial Officer of Cardinal Bankshares Corporation with the same seniority, status, and benefits he would have had but for Respondent's unlawful discrimination.

(Order Denying Motion for Order to Show Cause at 1 (emphasis added)). Based on the language of this subsequent order, the plaintiff contends that it is clear that the ALJ regarded the SRDO issued on February 15, 2005, to be an enforceable preliminary order of reinstatement.

The Code of Federal Regulations provides that, "[[i]f a case is accepted for review, the decision of the administrative law judge will be inoperative unless and until the board issues an order adopting the decision, except that a preliminary order of reinstatement will be effective while review is conducted by the Board, unless the Board grants a motion to stay the order." 29 C.F.R. § 1980.110(b). At the point it became clear that the ALJ's order was a preliminary order of reinstatement, on August 9, 2005, Cardinal had already appealed the ALJ decision. When Cardinal filed the petition for appeal, it was not clear that Cardinal actually had been ordered to reinstate the plaintiff; the SRDO merely recommended reinstatement. The wording of the ALJ's

4

SRDO states that, "it is hereby recommended that Respondent, Cardinal Bankshares Corporation, be ordered to: reinstate Complainant David Welch ..." (Supplemental Recommended Decision and Order Awarding Damages, Fees, and Costs at 25). Indeed, this language is less authoritative than that of the ALJ's January 28, 2004, Recommended Decision and Order, which stated that "it is hereby ordered that Respondent, Cardinal Bankshares Corporation ... [r]einstate Complainant ...." (Recommended Decision and Order at 71), and which the ALJ specified in his earlier Erratum <u>was</u> <u>not</u> an order from which an appeal could be taken. Therefore, in the court's view, Cardinal had insufficient notice that it should have moved to stay the order, because the language only recommends that the Secretary enter an order granting the proposed relief.

In addition, the ALJ failed to follow the technical requirements that would indicate that his SRDO was a preliminary order of reinstatement at the time it was filed. The ALJ did not issue a separate preliminary order, which would have made the preliminary order effective immediately upon issuance, in addition to his "Recommended Decision and Order."
<u>See</u> <u>McNeill v. Crane Nuclear</u>, ARB No. 02-002, ALJ No. 2001-ERA-003, (ARB Dec. 20, 2002) (holding that the Energy Reorganization Act required the ALJ to issue a preliminary order in addition to Recommended Decisions and Orders in order to make the preliminary order effective immediately upon issuance). In light of <u>McNeill</u>, the defendant had no notice that the SRDO was a preliminary order of reinstatement that the ALJ intended to be effective during a review conducted by the ARB unless the order was stayed.

Clearly, the confusion generated by the various administrative opinions and orders has operated to the defendant's detriment. Whether the ALJ had issued a preliminary order of reinstatement as part of the SRDO was uncertain at that time and, therefore, in light of this

5

confusion, defendant's failure to request an administrative stay during the appeal is not overly remarkable. The defendant cannot be penalized for the uncertainties in the administrative process. Even now, it remains unclear whether such a final order has been <u>properly</u> issued. Considering these circumstances, the court concludes that the plaintiff's motion for relief must be denied. The motion to dismiss is therefore granted on the grounds that there is not a preliminary order of reinstatement for this court to enforce.[2]

In passing, the court notes that the plaintiff will not be prejudiced by dismissal of the Petition and/or Complaint to Enforce Order of Administrative Law Judge, because his pending claim before the ARB is not compromised and the plaintiff will be entitled to monetary damages, including back pay and interest, if his claim before the ARB succeeds.

## CONCLUSION

For the reasons stated, the defendant's motion to dismiss will be granted and the plaintiff's motion to enforce the order of the administrative law judge will be denied. An order in conformity will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTER: This 4th day of January, 2006.

_United States District Judge_

---

[2]Given this disposition, the court finds it unnecessary to consider whether it would have had the authority to enforce the preliminary order of reinstatement had such an order been properly entered.

Case 7:05-cv-00546-GEC   Document 29   Filed 01/04/06   Page 6 of 6   Pageid#: 473