CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 2 6 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID E. WELCH | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 7:05CV00546 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | By: Hon. Glen E. Conrad |
| CARDINAL BANKSHARES | ) | United States District Judge |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

By Memorandum Opinion and Order entered January 4, 2006, the court denied plaintiff's Application for Hearing and Issuance of a Preliminary Injunction Enforcing United States Department of Labor Administrative Law Judge's Order of Reinstatement. Plaintiff has now filed a motion to alter or amend order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the following reasons, the court believes that its earlier opinion is correct. Accordingly, the court denies plaintiff's motion for relief from the order of January 4, 2006.

On September 13, 2005, the plaintiff, David E. Welch, filed an application for hearing and issuance of a preliminary injunction enforcing the United States Department of Labor Administrative Law Judge's order of reinstatement in this case. The defendant filed a motion to dismiss on September 29, 2005. On January 4, 2006, the court granted the defendant's motion to dismiss, finding that the language and procedural posture of the Supplemental Recommended Decision and Order Awarding Damages, Fees, and Costs (SRDO) of the Administrative Law Judge (ALJ) provided insufficient notice to Cardinal Bankshares

Corporation that it was required to reinstate Welch. The court found that it was unclear whether a preliminary order of reinstatement had been issued, and that the defendant should not be penalized for failure to follow such an order or request an administrative stay of the order during its appeal of the SRDO to the Administrative Review Board (ARB). The court therefore granted the motion to dismiss on the grounds that there was uncertainty as to whether there was a preliminary order of reinstatement for the court to enforce.

Simply stated, the administrative procedures employed during the course of this case, the various incidents of the administrative process, and the impreciseness of the language employed in various opinions and orders all coalesced so as to give rise to confusion and uncertainty. The court continues to believe that Cardinal was not given sufficient and timely notice that it was expected to immediately reinstate the plaintiff, and that Cardinal's remedy was to apply to the ARB for relief pending appeal.[1] To emphasize these points, the court finds it necessary to once again summarize the administrative history.

After he was terminated as Chief Financial Officer of Cardinal, Welch filed a complaint with the Occupational Safety & Health Administration (OSHA) alleging he was retaliated against for engaging in protected activities under the Corporate and Criminal Fraud Accountability Act of 2002, Title VII of the Sarbanes-Oxley Act of 2002. OSHA denied the complaint, and Welch filed an appeal with the Office of Administrative Law Judges, United States Department of Labor. On January 28, 2004, the ALJ issued a "Recommended Decision

---

[1] The court has found that the plaintiff is not entitled to relief from the earlier order, and therefore finds it unnecessary to consider defendant's assertion that Federal Rule of Civil Procedure 59(e) is not the proper vehicle for bringing this matter before the court.

2

and Order," which provided that, "it is hereby <u>ordered</u> that Respondent, Cardinal Bankshares Corporation ... [r]einstate Complainant, in accordance with the conditions discussed above...." (Recommended Decision and Order 71 (emphasis added).) The last paragraph stated that the decision would become the final order of the Secretary of Labor unless a petition for review were filed with the ARB. <u>Id.</u> at 72. Despite this definitive language, the ALJ issued an Erratum on February 3, 2004, stating that the Recommended Decision and Order "is not, nor was it intended to be, a 'final' order from which an appeal to the Administrative Review Board may be taken." (Erratum.) On February 5, 2004, Cardinal appealed the decision to the ARB, on the basis that the appeal was a "final" order of the ALJ. (Final Decision and Order Dismissing Petition for Review Without Prejudice at 2.) The ARB, and subsequently the United States Court of Appeals for the Fourth Circuit, dismissed Cardinal's appeal.

The SRDO of concern in this case was issued on February 15, 2005, and was appealed by Cardinal to the ARB on February 15, 2005. The SRDO stated that, "it is hereby <u>recommended</u> that Respondent, Cardinal Bankshares Corporation, <u>be ordered to</u>: reinstate Complainant David Welch ..." (Supplemental Recommended Decision and Order Awarding Damages, Fees, and Costs at 25 (emphasis added).) As of the date of this opinion, the ARB has still not ruled on the appeal. On August 5, 2005, Welch filed a motion with the ALJ, asking the ALJ to impose monetary sanctions on Cardinal for failure to comply with the alleged preliminary reinstatement order. The ALJ denied the request on August 9, 2005, clarifying that he considered his earlier "Recommended Decision and Order" to be a final order that could be enforced only by a civil action in United States District Court. It was

3

Case 7:05-cv-00546-GEC   Document 34   Filed 01/26/06   Page 3 of 6   Pageid#: 532

therefore not clear that the ALJ intended his recommended order to be a preliminary order of reinstatement until almost six months after Cardinal had filed its appeal to the ARB. The confusion over whether the ALJ had issued a preliminary order of reinstatement was justified, considering the difference in language between his first opinion, in which reinstatement was "ordered," but which was later said not to be intended to be a final order, and the second opinion, in which reinstatement was "recommended," but which was later designated as a final order. At the time Cardinal appealed the decision to the ARB, there was no indication sufficient to put Cardinal on notice that the ALJ had issued a preliminary order of reinstatement.

In short, given the novelty of the enforcement process in United States District Court under the whistleblower provisions of the Sarbanes-Oxley Act, the time that had transpired in obtaining an administrative decision in this case, and the uncertainty surrounding some of the language used in the administrative decisions, the court intended to communicate in its earlier opinion its concern that it is inappropriate to enforce the preliminary reinstatement order without Cardinal having had the opportunity to seek to obtain a stay from the ARB. The court remains convinced that plaintiff's position to the contrary, and his arguments in support of immediate reinstatement, are unavailing.

Having reviewed the memoranda submitted by the parties in support of their respective positions on plaintiff's motion for relief from the earlier memorandum opinion and order, the court is concerned that both sides have misread the court's intent in citing to the case of McNeill v. Crane Nuclear, ARB No. 02-002, ALJ No. 2001-ERA-003, (ARB Dec. 20, 2002),

4

a case decided under the provisions of the Energy Reorganization Act and its implementing regulations. This case instructs that for an administrative ruling to be considered an enforceable preliminary order, the ALJ must distinguish it as a preliminary order in unambiguous terms, in a form separate and distinct from a Recommended Decision and Order. The court did not hold that the rule in McNeill is necessarily binding for purposes of administrative proceedings conducted in accordance with the whistleblower provisions of the Sarbanes-Oxley Act of 2002.[2] Instead, the court cited to McNeill merely as support for the proposition that in a similar administrative proceeding, it is not unreasonable to expect the ALJ to state a ruling in clear, coherent, and unambiguous terms, so as to permit each party to understand its position and its remedies.

The court notes that as an alternative to withdrawing or amending the earlier opinion of the court, plaintiff requests that his Rule 59(e) motion be held in abeyance until a motion for clarification can be filed with the ALJ and/or ARB. The court finds no reason to hold its earlier order in abeyance. It is now understood that, based on his order of August 9, 2005, the ALJ intended the SRDO to include a preliminary order of reinstatement, enforceable in the United States District Court. If the ARB agrees, and if the ARB will now entertain a motion to stay the effect of the preliminary order of reinstatement, the court's earlier memorandum opinion shall be read to indicate that the court's order is without prejudice to any new motion to enforce the preliminary order of reinstatement should the ARB deny a stay on the merits.

---

[2] Defendant correctly points out, however, that the ARB in the instant case cited to McNeill with approval. See Welch v. Cardinal Bankshares Corp., ARB No. 04-054, ALJ No. 03-SOX-15, at 6 n.4 (ARB May 13, 2004)("It does not appear that the ALJ has issued a preliminary order of reinstatement in this case, see McNeill v. Crane Nuclear, ARB No. 02-002, ALJ No. 2001-ERA-003, (ARB Dec. 20, 2002)...).

The court continues to believe that it would be unfair to require Cardinal to reinstate plaintiff on an interlocutory basis given the current posture of the case. For these reasons, plaintiff's motion for relief from the court's earlier order shall be denied. An order in conformity will be entered this day.

The Clerk is directed to send certified copies of this Judgment and Order to all counsel of record.

ENTER: This 26th day of January, 2006.

_____
United States District Judge